**RIVERS v. JAMES et al.**

Court of Appeals of Kentucky.

Feb. 5, 1954.

Robert E. Hogan, Louisville, for appellant.

Kammerer, McPherson & Petrie, William S. Kammerer, Norris McPherson, Louisville, for appellees.

STEWART, Justice.

This appeal is from a judgment of the Jefferson Circuit Court, Chancery Branch, First Division, dismissing appellant's petition.

On May 3, 1951, plaintiff below and appellant here, Wauneta Rivers, filed an action against appellees, Raymond James and Eva, his wife, to set aside a deed executed by appellant's mother to appellees on June 14, 1946. On July 24, 1951, appellees moved to require appellant to make her petition more specific. Two months later a general demurrer was filed thereto. These pleas were subsequently overruled. On October 26, 1951, an answer was filed, and annexed thereto were interrogatories addressed to plaintiff pursuant to the provisions of Section 140 of the Civil Code of Practice. The affidavit of appellee, Raymond James, was attached to these interrogatories as that Code section also required.

On November 30, 1951, the interrogatories not having as of then been answered, appellees filed a written motion for judgment "upon the pleadings, exhibits and interrogatories." The record was then referred to a commissioner for checking. On March 21, 1952, appellant tendered her reply, to the filing of which appellees ob-

jected for the reason that "she continued to neglect, fail and refuse to answer the interrogatories," and on March 28, 1952, the Chancellor sustained appellees' objection to the filing of the tendered reply and ordered the reply made part of the record for the purpose of appeal only.

On May 16, 1952, the case was set at rules by appellees in order to submit for judgment on the pleadings and they tendered a judgment which would dismiss the petition. At the same time appellant filed motion to set aside the order refusing to permit the filing of her reply and also interposed objection to the submission for judgment. The case was passed to May 22d and then, to suit the convenience of counsel for appellant, to June 3d, on which last date appellant filed a motion for an order to grant her "a reasonable time in which to answer the interrogatories annexed to the answer of the defendants herein; or, in the alternative, for an order granting plaintiff reasonable time in which to take depositions." The Chancellor heard the arguments of counsel on this motion, and at the conclusion thereof, dismissed the petition and granted this appeal.

The only question presented on this appeal is did the Chancellor abuse his discretion in dismissing the petition because of appellant's unreasonable delay in answering appellees' interrogatories?

KRS 451.090, which then governed courts of continuous session such as the Jefferson Circuit Court, plainly indicated that in the case at bar appellant had 14 days after October 26, 1951, in which to answer the interrogatories filed on that date. Such time could, under the same statute, be extended by the court. Appellant failed to take any steps with regard to the interrogatories until June 3, 1952, in spite of the fact that as early as November 30, 1951, appellees filed motion for judgment

"upon the pleadings, exhibits and interrogatories."

It is to be noted, as the Chancellor observed in his opinion, that when appellant moved on June 3, 1952, to be allowed a reasonable time to answer the interrogatories attached to appellees' pleading, no attempt was made to explain the previous tardiness of which appellant had been guilty. In spite of this, however, appellant urges that the Chancellor should have extended the time pursuant to her motion on June 3d, and insists that he abused his discretion by his refusal to do so.

We are unable to agree with this contention. A glance at the facts, as we have set them out above, reveals that appellant persistently resorted to delaying tactics. She was given ample notice of her duty with regard to answering the interrogatories, and yet she failed over and over again to oblige; this in spite of the constant danger of an adverse ruling against her by the Chancellor. Finally, when she requested that she be allowed more time to answer the interrogatories, she made no attempt at all to explain her previous delay in this respect. As we view it, appellant has come forward with no reason why the Chancellor should not have ruled as he did.

Section 151 of the Civil Code of Practice provided: "The court may compel answers to interrogatories by process of contempt, and may, on the failure of the party to answer them, after reasonable time, dismiss the petition, or strike out the pleading, of a party so failing."

When we apply this Code provision to the facts, we think the Chancellor showed great forebearance in this case and we conclude he did not abuse his discretion in dismissing the petition.

Wherefore, the judgment is affirmed.